# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR10-2052-LRR |
| vs. | |
| DENZEL CURTIS HODGES, | ORDER |
| Defendant. | |

The matter before the court is the April 14, 2011 report and recommendation (docket no. 33) of United States Magistrate Judge Jon S. Scoles.[1] Under 28 U.S.C. § 636(b), Judge Scoles recommended that the defendant's motion to suppress (docket no. 14) be denied. On April 27, 2011, the government filed objections (docket no. 35) to the report and recommendation regarding the motion to suppress. On April 28, 2011, the defendant filed objections (docket no. 36) to the report and recommendation regarding the motion to suppress.

When a party properly objects to a magistrate judge's report and recommendation, the court must conduct a de novo determination of the portions of the report, findings or

---

[1] "A district judge may refer to a magistrate judge for recommendation . . . a motion to suppress evidence . . . ." Fed. R. Crim. P. 59(b)(1). "The magistrate judge must promptly conduct the required proceedings." *Id.* "The magistrate judge must enter on the record a recommendation for disposing of the matter, including any proposed findings of fact." *Id.* "Within 14 days after being served with a copy of the recommended disposition, . . . a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(b)(2). "Failure to object . . . waives a party's right to review." *Id.*; *see, e.g., United States v. Flores*, 257 F. App'x 164, 165-66 (11th Cir. 2007) (per curiam) (explaining that a failure to object waives a constitutional claim).

recommendations to which objection is made. 28 U.S.C. § 636(b)(1); *see also United States v. Uscanga-Ramirez*, 475 F.3d 1024, 1027 (8th Cir. 2007) (stating that de novo review is required); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)); Fed. R. Crim. P. 59(b)(3) (stating that "[t]he district judge must consider de novo any objection to the magistrate judge's recommendation"). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) (setting forth standard). The court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) (setting forth standard).

The court considered the record, which includes but is not limited to the defendant's motion to suppress (docket no. 14), the government's resistance (docket no. 20), the government's supplemental resistance (docket no. 29), the city's ordinance that addresses noise control and the section of the city's traffic code that prohibits a person from disturbing the peace by playing load music, the entire recording of the traffic stop, the transcript of the evidentiary hearing held on April 1, 2011 (docket no. 31), the report and recommendation (docket no. 33), the government's objections (docket no. 35) and the defendant's objections (docket no. 36). Having conducted the required de novo review of the objected to portions of the report and recommendation, the court deems it appropriate to overrule the government's objections and the defendant's objections. The report and recommendation contains a very thorough and cogent analysis of the facts and applicable law. The court concludes that Judge Scoles' recommended disposition of the motion to suppress should be upheld or affirmed, as it is fully supported by the factual record and controlling legal authorities. Because no violation of the law—Fourth Amendment or otherwise—occurred, suppression of the evidence is not warranted. It is appropriate to deny the defendant's request to suppress the evidence because the officer had a reasonable,

articulable suspicion that the defendant was violating section 417 of the city's traffic code and the officer observed the firearm in plain view.

**IT IS THEREFORE ORDERED**:

1) The government's objections (docket no. 35) are **OVERRULED**;

2) The defendant's objections (docket no. 36) are **OVERRULED**;

3) The report and recommendation (docket no. 33) is **ADOPTED**; and

4) The defendant's motion to suppress (docket no. 14) is **DENIED**.

**DATED** this 17th day of May, 2011.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA